UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff | : |
| v. | : Court No. 09-0401 |
| AMERICAN HOME ASSURANCE COMPANY | : |
| and | : |
| XL SPECIALTY INSURANCE COMPANY a/k/a INTERCARGO INSURANCE COMPANY | : |
| Defendant | : |

## AMERICAN HOME'S ANSWER TO COMPLAINT

Defendant American Home Assurance Company ("AHAC") hereby responds to the allegations set forth in the Complaint filed by the Plaintiff United States of America (the "Plaintiff") as follows:

1. AHAC denies each and every allegation contained in Paragraph 1 of the Complaint, except as follows: AHAC admits that Plaintiff has brought this action and is seeking various forms of relief herein.

2. AHAC denies each and every allegation contained in Paragraph 2 of the Complaint, except as follows: AHAC states that Paragraph 2 of the Complaint states a conclusion of law regarding the Court's jurisdiction, to which no response is required.

3. Admits

4. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

**COUNT I**

5. AHAC incorporates by reference Paragraphs 1 through 4 as though fully set forth herein.

6. AHAC denies each and every allegation in Paragraph 6 of the Complaint, except as follows: to the extent the allegations of Paragraph 6 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

7. AHAC denies each and every allegation contained in Paragraph 7 of the Complaint, except as follows: AHAC admits that on or about the dates from May 30, 2001 through January 23, 2002, Pan Pacific Products, Inc. ("Pan Pacific") made entries of canned mushrooms through various ports; AHAC admits that Plaintiff has attached to its Complaint a document labeled as Exhibit A that purports to list in summary form as "Entry Set I" 103 CBP entries; AHAC admits that Plaintiff has attached to it Complaint as Exhibit B purported copies of the entries referenced in Exhibit A.

8. AHAC denies each and every allegation in Paragraph 8 of the Complaint, except as follows: to the extent the allegations of Paragraph 8 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary; AHAC admits that Plaintiff has attached to its Complaint a document labeled as Exhibit C that purports to be the bonds described in Paragraph 8; and AHAC states that the bonds described in Paragraph 8 were invalid to the extent they were executed without AHAC's knowledge or authorization.

9. AHAC denies each and every allegation in Paragraph 9 of the Complaint, except as follows: to the extent the allegations of Paragraph 9 of the Complaint assert conclusions of

law and do not assert allegations of fact, no response is necessary; AHAC admits that Plaintiff has attached to its Complaint a document labeled as Exhibit C that purports to be the bonds described in Paragraph 9; and AHAC states that the bonds described in Paragraph 9 were invalid to the extent they were executed without AHAC's knowledge or authorization.

10. AHAC denies each and every allegation in Paragraph 10 of the Complaint, except as follows: AHAC states that the documents in Exhibit C speak for themselves.

11. AHAC denies each and every allegation in Paragraph 11 of the Complaint, except as follows: AHAC admits that some or all of the entries in Exhibit A and B were subject to the antidumping order issued in Department of Commerce ("Commerce") antidumping duty case number A-570-851 and published at 62 Fed. Reg. 8,308.

12. AHAC admits the factual allegations in Paragraph 12 of the Complaint.

13. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the complaint.

14. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the complaint.

15. AHAC denies each and every allegation contained in Paragraph 15 of the Complaint, except as follows: to the extent the allegations of Paragraph 15 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary; and to the extent Paragraph 15 of the Complaint asserts factual allegations, AHAC lacks sufficient knowledge and information to form a belief as to the truth of those allegations.

16. AHAC denies each and every allegation contained in Paragraph 16 of the Complaint.

17. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. AHAC denies each and every allegation contained in Paragraph 20 of the Complaint, except as follows: AHAC admits that CBP sent AHAC the letter attached as Exhibit D; and AHAC states that Exhibit D speaks for itself.

21. AHAC denies each and every allegation contained in Paragraph 21 of the Complaint, except as follows: AHAC admits that CBP sent AHAC the letter attached as Exhibit E; and AHAC states that Exhibit E speaks for itself.

22. AHAC denies each and every allegation contained in Paragraph 22 of the Complaint, except as follows: AHAC admits that CBP sent AHAC the demand letter attached as Exhibit F; and AHAC states that Exhibit F speaks for itself.

23. AHAC denies each and every allegation contained in Paragraph 23 of the Complaint, except as follows: AHAC admits that it has made no payments with respect to supplemental duties or interest in the entries listed in Paragraph 7 of the Complaint, and states that no such supplemental duties is or was owed.

## COUNT II

24. AHAC incorporates by reference Paragraphs 1 through 4 as though fully set forth herein.

25. AHAC denies each and every allegation in Paragraph 25 of the Complaint, except as follows: to the extent the allegations of Paragraph 25 of the Complaint assert conclusions of law and does not assert allegations of fact, no response is necessary.

26. AHAC denies each and every allegation contained in Paragraph 26 of the Complaint, except as follows: AHAC admits that on or about the dates from February 1, 2002 through March 10, 2002, Pan Pacific made entries of preserved mushrooms through various ports; AHAC admits that Plaintiff has attached to its Complaint a document labeled as Exhibit G that purports to list in summary form as "Entry Set II" 16 CBP entries; AHAC admits that Plaintiff has attached to it Complaint as Exhibit H purported copies of the entries referenced in Exhibit G.

27. AHAC denies each and every allegation in Paragraph 27 of the Complaint, except as follows: to the extent the allegations of Paragraph 27 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary; AHAC admits that Plaintiff has attached to its Complaint a document labeled as Exhibit I that purports to be the bonds described in Paragraph 27; and AHAC states that the bonds described in Paragraph 27 were invalid to the extent they were executed without AHAC's knowledge or authorization.

28. AHAC denies each and every allegation in Paragraph 28 of the Complaint, except as follows: to the extent the allegations of Paragraph 28 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

29. AHAC denies each and every allegation in Paragraph 29 of the Complaint, except as follows: AHAC states that the documents in Exhibit I speak for themselves.

30. AHAC denies each and every allegation in Paragraph 30 of the Complaint, except as follows: AHAC admits that some or all of the entries in Exhibit G and H were subject to the

antidumping order issued in Department of Commerce ("Commerce") antidumping duty case number A-570-851 and published at . 62 Fed. Reg. 8,308.

31. AHAC admits the factual allegations in Paragraph 31 of the Complaint.

32. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the complaint.

33. AHAC denies each and every allegation contained in Paragraph 33 of the Complaint, except as follows: to the extent the allegations of Paragraph 33 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary; and to the extent Paragraph 33 of the Complaint asserts factual allegations, AHAC lacks sufficient knowledge and information to form a belief as to the truth of those allegations.

34. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the complaint.

35. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the complaint.

36. AHAC denies each and every allegation contained in Paragraph 36 of the Complaint.

37. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. AHAC denies each and every allegation contained in Paragraph 39 of the Complaint, except as follows: AHAC admits that CBP sent AHAC the letter attached as Exhibit J; and AHAC states that Exhibit J speaks for itself.

40. AHAC denies each and every allegation contained in Paragraph 40 of the Complaint, except as follows: AHAC admits that CBP sent AHAC the letter attached as Exhibit K; and AHAC states that Exhibit K speaks for itself.

41. AHAC denies each and every allegation contained in Paragraph 41 of the Complaint, except as follows: AHAC admits that CBP sent AHAC the demand letter attached as Exhibit F; and AHAC states that Exhibit F speaks for itself.

42. AHAC denies each and every allegation contained in Paragraph 42 of the Complaint, except as follows: AHAC admits that it has made no payments with respect to supplemental duties or interest in the entries listed in Paragraph 26 of the Complaint, but states that no such supplemental duties is or was owed.

## COUNT III

43. AHAC incorporates by reference Paragraphs 1 through 4, 26 and 30 through 36 as though fully set forth herein.

44. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

The remaining allegations of the Complaint consist of Plaintiff's Prayer for Relief, to which no response is required, but to the extent it is deemed to include allegations of fact, those allegations are denied. AHAC denies that Plaintiff is entitled to any relief whatsoever with respect to its claims against AHAC, and respectfully prays that the Complaint be dismissed with prejudice in its entirety.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against AHAC upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims asserted in this Complaint are barred to the extent they were not interposed within the time allowed by the applicable statutes of limitations and repose.

**THIRD AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent the doctrine of laches applies.

**FOURTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent the doctrine of waiver applies.

**FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent the doctrine of estoppels applies.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff failed to provide AHAC with timely and proper notice of the allegations giving rise to the claims in the Complaint, those claims are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred due to Plaintiff's failure to provide AHAC with notice as required by statutes and regulations on the suspension of liquidation of the entries at issue in the Complaint during the pendency of administrative reviews of certain antidumping duty orders, thus depriving AHAC of the opportunity to protect its interests during those reviews.

**EIGHT AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent that the U.S. Department of Commerce ("Commerce") failed to meet the regulatory time requirements for conducting new shipper reviews.

**NINTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent that AHAC did not authorize, and was not aware of, the issuance of the bonds identified in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent the bonds identified in the Complaint exceed the limits allowed by the powers of attorney granted by AHAC.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent AHAC was deprived of due process of law, in violation, *inter alia*, of the U.S. Constitution.

**TWELFTHAFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent that Plaintiff has failed to join one or more indispensible parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to pre-judgment or post-judgment interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

The debts that Plaintiff claims it is owed arose solely and proximately by Plaintiff's own errors and negligence in handling the entries and bonds referred to in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred based to the extent they arose from the fraudulent actions of the bond principal.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred to the extent they arose from misrepresentations made by the bond principal and/or secured party.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims are barred due to lack of consideration.

## ADDITIONAL AFFIRMATIVE DEFENSES

AHAC reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.

**WHEREFORE**, having fully answered the allegations contained in the Complaint, AHAC respectfully requests that this Court issue and Order finding and holding as follows:

1. That the Complaint is dismissed, with prejudice, as against AHAC.

2. That AHAC is awarded its costs incurred herein; and

3. That AHAC is awarded such further relief as this Court deems just and proper.

Dated: December 30, 2009

Respectfully submitted,

Ralph Sheppard
Taylor Pillsbury
Michael Jackson
Meeks Sheppard Leo & Pillsbury
1735 Post Road, Suite 4
Fairfield, CT  06824
Phone: (203) 256-1401
Facsimile: (203) 256-1478
*Attorneys for American Home Assurance Company*

# CERTIFICATE OF SERVICE BY MAIL

RALPH SHEPPARD certifies that I am a trial attorney with the firm of Meeks, Sheppard, Leo & Pillsbury, with offices located at 1735 Post Road, Suite 4, Fairfield, CT 06824, and that on December 30, 2009 on behalf of American Home Assurance Company, defendant herein, I caused the annexed Answer to be served upon:

> Edward F. Kenney, Esq.
> *CIVIL DIVISION, DEPT. OF JUSTICE*
> Commercial Litigation Branch
> 26 Federal Plaza, Suite 346
> New York, NY 10278
> Ph: (212) 264-0480 or 264-9237

the attorneys for the Plaintiff herein by the deposit of a copy thereof in a United States mail receptacle, properly enclosed in a secure envelope, duly franked or postage prepaid, addressed to said attorneys as above indicated.

/s/Ralph H. Sheppard