Slip Op. 11-57

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                               :
UNITED STATES of AMERICA.,     :
                               :
     Plaintiff,                :
                               :
          v.                   :   Before: Richard K. Eaton, Judge
                               :
AMERICAN HOME ASSURANCE CO.,   :   Court No. 09-00401
                               :
                               :
     Defendant.                :
                               :
_____:
```

OPINION

[Plaintiff's and defendant's cross-motions to stay denied.]

Dated: May 17, 2011

*Tony West*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Edward F. Kenny*); Office of Chief Counsel, International Trade Litigation, United States Customs and Border Protection (*Brandon T. Rogers*), of counsel, for plaintiff United States of America.

*Steptoe & Johnson LLP* (*Herbert C. Shelley* and *Mark F. Horning*) for defendant American Home Assurance Co.

Eaton, Judge: Before the court are the parties' cross-motions to stay these proceedings. Plaintiff the United States of America (the "Government"), on behalf of United States Customs and Border Protection ("Customs"), seeks to stay its response to defendant American Home Assurance Co.'s ("AHAC") motion for summary judgment pending the completion of discovery. AHAC, in turn, seeks to stay the completion of discovery pending the

court's decision on its motion for summary judgment.

        Although the parties' respective motions seek only to stay

parts of these proceedings, they raise a significant issue

concerning the effect, if any, of Customs' failure to provide a

surety with notice of a suspension of liquidation.  Specifically,

the issue presented is whether Customs' failure to provide AHAC

with notice of the suspension of liquidation of the entries

subject to the surety's bond, as required by 19 U.S.C. § 1504(c)

(2006), invalidates the suspension of liquidation.  For the

reasons set forth below, the court holds that it does not.  Based

on this holding, the court denies both parties' motions to stay.


                              BACKGROUND

        By its complaint, the Government seeks to recover in excess

of $3.5 million on bonds executed by AHAC to secure the payment

of antidumping duties by Pan Pacific Products, Inc. ("Pan

Pacific") on 119 entries of merchandise imported into the United

States from the People's Republic of China ("PRC") between May

2001 and March 2002.  The parties do not dispute the basic facts

relating to the entries at issue.

        The first 103 of these entries were made between May 30,

2001 and January 23, 2002, and were subject to the Department of

Commerce's (the "Department" or "Commerce") third administrative

review of the antidumping duty orders of preserved mushrooms from

the PRC for the period of review ("POR") February 1, 2001 through
January 31, 2002.  *See* Certain Preserved Mushrooms from the PRC,
68 Fed. Reg. 41,304 (Dep't of Commerce July 11, 2003) (final
results of administrative review).  The remaining sixteen entries
were made between February 1, 2002 and March 10, 2002, and were
subject to Commerce's fourth administrative review of preserved
mushrooms from the PRC for the POR February 1, 2002 through
January 31, 2003.  *See* Certain Preserved Mushrooms from the PRC,
69 Fed. Reg. 54,635 (Dep't of Commerce Sept. 9, 2004) (final
results of administrative review).

Upon the request for an administrative review for each POR,
liquidation of the entries subject to each review, including Pan
Pacific's, was suspended.  *See* 19 U.S.C. § 1675(a)(2)(C);
*Canadian Wheat Bd. v. United States*, 33 CIT __, __, 637 F. Supp.
2d 1329, 1334 n.6 (2009), *aff'd,* No. 2010-1083, Slip Op. (Fed.
Cir. Apr. 19, 2011) (noting that a request for administrative
review suspends liquidation pending the outcome of the review);
19 C.F.R. § 351.212(c)(1) (2010). It is undisputed that Customs
failed to provide the statutory notice of those suspensions to
Pan Pacific's surety, AHAC.  *See generally* Pl.'s Mot. for Stay
("Pl.'s Mot."), ECF No. 27..  Some years later, when Customs was
unable to obtain payment of antidumping duties from Pan Pacific,
it demanded payment from AHAC.  *See* Compl. at exhibits D, E, and
F, ECF No. 2.  When AHAC refused to pay, the Government commenced

this action.  *See* Summons (Sept. 18, 2009), ECF 1.

Among other affirmative defenses raised in its answer, AHAC asserts that Customs' claims are barred by the six year statute of limitations set forth in 28 U.S.C. § 2415(a) (2006).  On January 11, 2011, AHAC moved for summary judgment on this basis.  *See generally* Def.'s Mem. of Law in Supp. Mot. Sum. J. ("SJ Mot."), ECF No. 26.

On February 9, 2011, the Government moved to stay its response to AHAC's motion for summary judgment, asserting that it needed to conduct further discovery before it could adequately respond.  Pl.'s Mot. 5-6.  The Government claims that it needs additional time to address AHAC's affirmative defense that it has been materially prejudiced by Customs' failure to provide notice of the suspensions.  Therefore, the Government maintains that it "must complete discovery before we can satisfactorily address all the relevant issues . . . that are implicated by AHAC's motion for summary judgment."  Pl.'s Mot. 6.  The Government seeks to stay the proceedings even though the affirmative defense of prejudice, found in the answer, is not specifically referenced in AHAC's summary judgment motion.  Pl.'s Mot. 5-6; Am. Ans. 11, ECF No. 25; *see generally* SJ Mot.

On February 11, 2011, AHAC filed its own motion, seeking to stay discovery pending the outcome of its motion for summary judgment.  Def.'s Mot. to Stay Disc. ("Def.'s Mot.") 1, ECF No.

28.  Oral argument was held on April 19, 2011.


                              DISCUSSION

     The Government argues that, if Customs' failure to notify

AHAC can invalidate the suspensions at all, it can only be upon

AHAC showing that it was prejudiced by the lack of notice. The

Government, therefore, seeks to stay its response to AHAC's

motion for summary judgment in order to complete discovery

regarding the prejudice, if any, suffered by AHAC as a result of

Customs' failure to provide the required notice.  Pl.'s Mot. 5-6.

     AHAC counters that discovery should be stayed as a matter of

judicial economy because "[t]here are 'substantial grounds' and a

'foundation in law' for concluding that the Government's claims

are barred by the statute of limitations."  Def.'s Mot. 5.  The

theory underlying AHAC's statute of limitations defense, and its

motion for summary judgment, is that Customs' failure to notify

the surety that liquidation of the entries at issue was suspended

invalidated the suspensions as a matter of law.  Based on this

contention, AHAC reasons "[t]hat lack of notice caused these

entries to be deemed liquidated one year after entry pursuant to

19 U.S.C. § 1504(a)(1)(A)."  Def.'s Mot. 3.  According to the

surety, this alleged deemed liquidation occurred more than six

years prior to the commencement of this action and, thus, the

Government's claim is barred by the six year statute of

limitations.  *See* SJ Mot. 5-6; Def.'s Mot. 3.


I.  Arguments of the Parties

     The parties agree that the statute of limitations on the
Government's claims runs from the date of liquidation.  The
parties disagree, however, as to when liquidation occurred.
According to the Government, it occurred between September and
December 2003, following Commerce's actual liquidation of the
entries upon the completion of its administrative reviews.  Thus,
the Government argues that liquidation occurred less than six
years prior to the commencement of this action.  *See* Compl.
¶¶ 12-15.

     AHAC insists, however, that liquidation of the entries was
never suspended and that, as a result, the entries were deemed
liquidated pursuant to 19 U.S.C. § 1504(a) one year after the
date they entered the United States.  According to AHAC, all of
the deemed liquidations would have occurred no later than March
2003 and, thus, beyond the six year statute of limitations.
Def.'s Mot. 3.

     The Government disputes AHAC's statute of limitations claim.
The plaintiff asserts that the lack of notice to AHAC did not
affect the validity of the suspensions because suspension happens
as a matter of law, regardless of whether notice is provided to
the surety.  Pl.'s Mot. 3.  The Government further argues that

Customs' failure to provide notice to AHAC did not thereafter automatically invalidate the suspensions of liquidation because § 1504(c) does not provide for a consequence for failure to comply with the notice requirement, making the statutory directive to provide notice directory, not mandatory.  Pl.'s Mot. 5; *see also Alberta Gas Chems., Inc. v. United States,* 1 CIT 312, 315-16, 515 F. Supp. 780, 785 (1981) ("It is settled that '[a] statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period *and specifies a consequence for failure to comply with the provisions*.'") (citations omitted).

In the alternative, the Government argues that, if lack of notice could vitiate the suspensions, under the rule of prejudicial error, the suspensions would only be invalid if AHAC could demonstrate that it was prejudiced by notice not being provided.  Pl.'s Mot. 5-6.  Accordingly, the Government argues that it needs further discovery on the issue of prejudice to adequately respond to AHAC's summary judgment motion.  Pl.'s Mot. 5-6.

AHAC counters that a stay is appropriate to avoid the undue waste and expense that would result from conducting discovery when it is likely that this matter will be resolved in AHAC's favor by summary judgment.  The surety maintains that no showing of prejudice is required for it to succeed on its summary

judgment motion.  For AHAC, the fact that it was not given notice

rendered the suspensions invalid, ab initio, resulting in deemed

liquidations one year after the entries were made.  "Therefore,

irrespective of the reason for a suspension, once entries are

deemed liquidated, the statute of limitations begins to run if

the requisite notice has not been given to a relevant party."

Def.'s Mot. 5.  Thus, AHAC argues that it is appropriate for the

court to stay discovery pending resolution of its dispositive

motion because discovery will be shown to be unnecessary.  Def.'s

Mot. 9-10.

II.  Analysis

     A.  The effect of notice on the validity of suspension

     As noted above, liquidation of the entries was suspended

when Commerce received the requests for administrative review for

the PORs covering those entries.  This suspension was automatic,

upon Commerce's receipt of the requests.  *See Tembec, Inc. v.

United States*, 30 CIT 1519, 1525-26, 461 F. Supp. 2d 1355, 1361

(2006), *and judgment vacated on other grounds*, 31 CIT 241, 475 F.

Supp. 2d 1393 (2007); *SSAB N. American Div. v. United States*, 31

CIT __, __, 571 F. Supp. 2d 1347, 1351 (2008); *Alden Leeds Inc.

v. United States*, 34 CIT __, __, 721 F. Supp. 2d 1322, 1325-26

(2010).  "The purpose of a periodic review is to provide an

opportunity to make adjustments to the duties provided in

[antidumping and countervailing duty] orders, based on actual experience." *Tembec*, 30 CIT at 1525 n.14, 461 F. Supp. 2d at 1361 n.14.  Liquidation is suspended upon a request for administrative review to "enable[] Commerce to calculate assessment rates for the subject entries . . . , which are then applied by Customs pursuant to liquidation instructions received from Commerce" after it publishes the final results of the review.  *SSAB,* 31 CIT at __, 571 F. Supp. 2d at 1351.  "Under this framework Commerce performs the substantive role of determining correct assessment rates, and Customs performs a ministerial role in fulfilling Commerce's liquidation instructions."  *Id.* (citing *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994)).  It is against this backdrop that the questions regarding the validity of the suspensions, raised by the parties' motions to stay, must be answered.

Whether Customs' failure to notify AHAC of these suspensions rendered them invalid ab initio can be resolved by looking at the plain language of 19 U.S.C. § 1504, which unambiguously provides that notice of a suspension of liquidation is to be provided to a surety after a suspension has come about by operation of law. Section 1504 reads, in relevant part:

    (a) Liquidation . . .


    *Unless* an entry of merchandise for consumption is . . .
    *suspended* as required by statute or court order, . . .
    an entry of merchandise for consumption not liquidated
    within one year from –(A) the date of entry of such
    merchandise . . . shall be deemed liquidated at the rate
    of duty, value, quantity, and amount of duties asserted
    at the time of entry by the importer of record.


                        . . . .


    (c) Notice of suspension

    *If the liquidation of any entry is suspended*, the
    Secretary shall by regulation require that notice of the
    suspension be provided, in such manner as the Secretary
    considers appropriate, to the importer of record or
    drawback claimant, as the case may be, and to any
    authorized agent and surety of such importer of record
    or drawback claimant.

(emphasis added).

    As is demonstrated by the italicized language, suspension of

liquidation is a condition precedent to the notice requirement,

not vice versa.[1]   Accordingly, a surety is not entitled to

notice until after liquidation has been suspended.  In other

words, notice is not a prerequisite to suspension, but is

provided as a consequence of a suspension having occurred.

    This being the case, the failure to provide notice does not

automatically vitiate an otherwise valid suspension of

---

    [1]   The Customs regulation promulgated to implement this
requirement similarly indicates that suspension is a condition
precedent to notice.  *See* 19 C.F.R. § 159.12(c) ("*If the
liquidation of an entry is suspended as required by statute or
court order*, . . . the port director promptly shall notify the
importer . . . and his agent and surety . . . of the
suspension.") (emphasis added).

liquidation.  In order for a procedural error to invalidate agency action, it must involve a procedural condition precedent to the agency action in question.  *See, e.g., Intercargo Ins. Co. v. United States,* 83 F.3d 391, 394-95 (Fed. Cir. 1996) (considering whether "notification reciting a statutory reason for the extension is a condition precedent to an extension of the one-year liquidation period . . . ."); *Guangdong Chems. Imp.& Exp. Corp. v. United States*, 30 CIT 85, 90, 414 F. Supp. 2d 1300, 1306 (2006) (citing *Brock v. Pierce County*, 476 U.S. 253, 260 (1986)) ("The Supreme Court has not held, however, that the courts are required to reverse subsequent agency action on the basis of any procedural misstep, no matter how minute or inconsequential."); *American Nat'l Fire Ins. Co. v. United States*, 30 CIT 931, 941, 441 F. Supp. 2d 1275, 1286 (2006) ("*ANF*") ("[The] failure to give notice of a suspension does not necessarily vitiate a suspension.").  As has been seen, the suspension of liquidation following a request for a periodic review occurs by operation of law and is not dependant on the notice provision of § 1504(c).  Because it is clear that the giving of notice is not a condition precedent to a suspension of liquidation, the failure to give notice does not prevent an otherwise valid suspension.

As to AHAC's deemed liquidation argument, this Court's holdings in *LG Electronics U.S.A., Inc. v. United States*, 21 CIT

1421, 991 F. Supp. 668 (1997) and *Alden Leeds Inc.*, 34 CIT __,
721 F. Supp. 2d 1322 are instructive.  In both cases, Customs
published notice of deemed liquidation despite liquidation having
been suspended.  The issue was whether the publication of
erroneous notice resulted in a deemed liquidation.  In both
cases, the Court held that the erroneous notice had no effect on
whether a deemed liquidation had, in fact, taken place.  *See LG
Elecs.*, 21 CIT at 1429, 991 F. Supp. at 676 ("Liquidation is
deemed to have occurred by operation of law one year after entry.
Exceptions occur in cases of extension, suspension or court
order.  Here liquidation was suspended.  Thus, as a matter of
law, no deemed liquidation . . . occurred.") (internal citations
omitted); *Alden Leeds*, 34 CIT at __, 721 F. Supp. 2d at 1329.

As the Government points out, these cases establish that a
deemed liquidation cannot occur while a suspension of liquidation
is in place, and that Customs has no authority to effect a deemed
liquidation.  *See* Pl.'s Mot. 4 ("As acknowledged in *ANF*,
suspension occurs by operation of law, not becasue Customs sends
out CF 4333A notices advising importers and/or sureties of
suspension.")  "Deemed liquidation results from operation of law,
and Customs makes no decision and performs no act in order to
bring about a deemed liquidation.  A suspension of liquidation
acts to stop liquidation, including a deemed liquidation, from
occurring."  *Alden Leeds*, 34 CIT at __, 721 F. Supp. 2d at 1329;

*see also Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1376 (Fed. Cir. 2002) (noting that "in order for liquidation to occur . . . the suspension of liquidation that was in place must have been removed"). Thus, it is clear that AHAC's arguments about the legal consequences of Customs' failure to give the statutorily required notice of suspension are unconvincing.

That is not to say, however, that Customs' failure to provide notice to a surety is necessarily of no consequence. "If, as is often the case, no law or regulation specifies the consequence of non-compliance with a regulation, the court must determine what remedy, if any, should be imposed." *Guangdong Chems.*, 30 CIT at 90, 414 F. Supp. 2d at 1306. In other words, although Customs' failure to provide notice does not invalidate the suspensions, if AHAC was actually harmed as a result of Customs' omission, it would be entitled to appropriate relief.

It is for the court to determine the consequence, if any, of an agency's procedural errors by applying principles of "harmless error" or the "rule of prejudicial error." *See Intercargo Ins. Co.*, 83 F.3d at 394 ("It is well settled that principles of harmless error apply to the review of agency proceedings."); *Belton Indus.*, *Inc. v. United States*, 6 F.3d 756, 761 (Fed. Cir. 1993) ("Because appellees' counsel received actual notice, Commerce's violation did not prejudice appellees. Accordingly, Commerce's violation was harmless error."); *see also* 5 U.S.C. §

706 (judicial review of agency action is conducted with "due account . . . of the rule of prejudicial error").

Under the rule of prejudicial error, procedural errors are regarded as harmless unless they are prejudicial to the complaining party. *See ANF,* 30 CIT at 942, 441 F. Supp. 2d at 1287 (quoting *Sea-Land Serv., Inc. v. United States,* 14 CIT 253, 257 (1990)). "A party is not 'prejudiced' by a technical defect simply because that party will lose its case if the defect is disregarded. Prejudice, as used in this setting, means injury to an interest that the statute, regulation, or rule in question was designed to protect." *Intercargo*, 83 F.3d at 396.

Whether an error is prejudicial or harmless depends on the facts of a given case. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1704-05 (2009) (finding that courts are to determine whether an agency error is harmless by "case-specific application of judgment, based upon examination of the record."). In the event that AHAC was prejudiced by Customs' failure to provide notice as required by § 1504(c), it may be that it has an affirmative defense to the Government's claims. *See* Am. Ans. 11. Therefore, because allegations of prejudice are not the subject of AHAC's summary judgment motion, but are the subject of the Government's discovery requests, discovery should continue.

B.  The parties' respective motions to stay

Based on the foregoing, the parties' respective motions to stay these proceedings are denied.  The Government's motion to stay its response to AHAC's motion for summary judgment is denied because AHAC's motion for summary judgment can be readily decided based on the factual record before the court and, therefore, the Government does not require any additional discovery in order to oppose the motion.

AHAC's motion to stay discovery is denied because AHAC is not likely to succeed on the merits of its summary judgment motion and, thus, the facts relating to prejudice will be important to the outcome of this litigation.

A separate order shall be issued.

                                        /s/Richard K. Eaton
                                        Richard K. Eaton

Dated: May 17, 2011
        New York, New York